IN THE SUPERIOR COURT





**FILED**
November 13, 2023 12:25 PM
SX-2004-CV-00515
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **FLORENCE ROYER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF EDWARD ROYER,** | **Civil No. SX-2004-CV-515** |
| | **ACTION FOR DAMAGES** |
| PLAINTIFFS, | **JURY TRIAL DEMANDED** |
| V. | |
| **COASTAL AIR TRANSPORT,** | |
| DEFENDANT. | |

| | |
|---|---|
| **SMYRNA HAMILTON AND ALPHA JOHNSON,** | **Civil No. SX-2005-CV-415** |
| | **ACTION FOR DAMAGES** |
| PLAINTIFFS, | **JURY TRIAL DEMANDED** |
| V. | |
| **COASTAL AIR TRANSPORT,** | |
| DEFENDANT. | |

## CITE AS: 2023 VI SUPER 68

**Appearances:**

**Lee Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiffs in Civil Case No. SX-2004-CV-515*

**Martial A. Webster, Sr., Esq.**
Law Office of Martial A. Webster, Sr.
Frederiksted, U.S. Virgin Islands
*For Defendant Coastal Air Transport*

**Gertrude Le Cointe, Esq.**
Law Offices of Gertrude LeCointe
Christiansted, U.S. Virgin Islands
*For Plaintiffs in Civil Case No. SX-2005-CV-415*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Administrative Judge**

¶ 1    **THIS MATTER** came before the Court on the various filings filed in response to the August 3, 2023 order.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 2 of 14

2023 VI SUPER 68

## BACKGROUND

¶ 2    On February 25, 2015, upon consideration of the jury's verdict[1] and the memorandum opinion entered of same date, the Court entered a judgment in the above-referenced matters—Civil Case No. SX-2004-CV-515 and Civil Case No. SX-2005-CV-415—whereby the Court reduced the jury's award of economic damages to Plaintiff Florence Royer from $50,000 to $12,156 and reduced the jury's award of economic damages to the estate of Edward Royer from $30,000 to $13,000. Thereafter, Defendant Coastal Air Transport (hereinafter "Coastal Air Transport" or "Coastal Air Transport, Inc."),[2] timely appealed and the Royers and Plaintiff Smyrna Hamiton timely cross-appealed the Court's decision to *sua sponte* remit the jury's award of economic damages to Plaintiff Florence Royer. On August 4, 2016, per the Virgin Islands Supreme Court's mandate, the Court entered an order whereby the Court amended the February 25, 2015 judgment and reinstated the jury's original economic damages award to Plaintiff Florence Royer.[3]

¶ 3    Subsequently, Plaintiff Florence Royer, individually and as representative of the estate of Edward Royer (hereinafter "Royers"), in their attempts to enforce the judgment against Coastal Air Transport, filed praecipes requesting the Court to issue writs of execution on the judgment against Coastal Air, LLC.[4]

---

[1] On November 18, 2013, this matter came before the Court for a jury trial. On November 22, 2013, the jury returned with a verdict.

[2] For the sake of accuracy, the Court addresses the defendant in Civil Case No. SX-2004-CV-515 in this Memorandum Opinion and Order as either "Coastal Air Transport" or "Coastal Air Transport, Inc." depending on how it was addressed in the document the Court referenced. This issue as to the name of the defendant in Civil Case No. SX-2004-CV-515 is addressed in the "Discussion" section of this Memorandum Opinion and Order.

[3] An amended judgment was never entered.

[4] On February 3, 2023, the Royers filed a praecipe whereby the Royers requested the Clerk of the Court to "issue a Writ of Execution on the Judgment by this Court in the referenced matter on Coastal Air Transport, Inc. now known as Coastal Air, LLC" and "[a]ttach any and all bank accounts in the name of Coastal Air Transport, Inc. now known as Coastal Air Transport LLC." (Feb. 3, 2023 Praecipe.) On February 14, 2023, a writ of execution was issued against

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 3 of 14

2023 VI SUPER 68

¶ 4    On April 26, 2023, Deputy Marshall III Shakyma Mercado (hereinafter "Marshall Mercado") filed a return of service for the February 14, 2023 writ of execution. In the return of service, Marshall Mercado stated that the February 14, 2023 writ of execution was served on Oriental Bank through Bank Manager Derrick Martin on March 27, 2023, that a check in the amount of $14,300.00 was collected from Bank Manager Derrick Martin on April 21, 2023, that no other funds were collected, and that the February 14, 2023 writ of execution was returned to the Clerk of the Court on April 24, 2023. (Return of Service.)

¶ 5    On May 8, 2023, the Court entered an order whereby the Court scheduled an evidentiary hearing on June 29, 2023 to determine the relationship between "Coastal Air Transport" and "Coastal Air, LLC," if any.[5] The money collected from Oriental Bank was placed in the Court's registry.

¶ 6    On June 29, 2023, counsel for the Royers did not appear at the evidentiary hearing but the Royers filed a response to the May 8, 2023 order. In their response, the Royers argued that the writ

---

issued against "Coastal Air Transport now doing business as Coastal Air, LLC," as proposed by the Royers. (Feb. 14, 2023 Writ.)

On May 3, 2023, the Royers filed another praecipe whereby the Royers requested the Clerk of the Court to "issue a Writ of Execution on the Judgment by this Court in the referenced matter on Coastal Air Transport, Inc. now known as Coastal Air, LLC" and "[a]ttach any and all aircraft(s) owned and/or operated by defendant Coastal Air Transport, Inc. now known as Coastal Air, LLC." (May 3, 2023 Praecipe.) On May 3, 2023, a writ of execution was issued against issued against "Coastal Air Transport now doing business as Coastal Air, LLC," as proposed by the Royers. (May 3, 2023 Writ.)

[5] In the May 8, 2023 order, the Court explained:

> The Court must note at the outset that the defendant in this matter has always been named as "Coastal Air Transport." There has been no substitution of "Coastal Air, LLC" in place of the defendant in this matter, and the Royers have not provided any evidence to support their claim that "Coastal Air Transport, Inc." is now known as "Coastal Air, LLC." As such, the Court finds it improper for the Royers to simply serve the Writ of Execution on Coastal Air, LLC. At this juncture, the Court will schedule an evidentiary hearing to determine the relationship between "Coastal Air Transport," the named defendant in this matter, and "Coastal Air, LLC," if any.

(May 8, 2023 Order.)

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 4 of 14

2023 VI SUPER 68

of execution was proper and should be enforced against Coastal Air LLC, an entity that is one and the same as Coastal Air Transport, Inc. with Mr. Michael Foster as the principle member of both entities." (June 29, 2023 Response.) The Royers attached a plethora of documents to their notice as evidence in support of their argument.

¶ 7    Coastal Air Transport, in its various filings, repeatedly represented that Coastal Air Transport, Inc. and Coastal Air, LLC are two separate entities.[6]

¶ 8    On August 3, 2023, the Court entered an order whereby the Court construed the Royers' June 29, 2023 response as a motion to declare Coastal Air, LLC as the successor in interest to Coastal Air Transport, Inc. (hereinafter "Royers' Successor in Interest Motion"), and ordered, *inter alia*, Coastal Air Transport and Coastal Air, LLC to file a response thereto,[7] and that failure for Coastal Air Transport and Coastal Air, LLC to file a timely response will constitute its admission that Coastal Air, LLC is the successor in interest to Coastal Air Transport, Inc. and its consent

---

[6] On April 25, 2023, Martial A. Webster, Sr., Esq. (hereinafter "Attorney Webster") filed a letter addressed to Tamara Charles, the Clerk of the Court, whereby Attorney Webster stated: "Coastal Air, LLC is not now doing business as Coastal Air Transport, Inc. They are two separate entities by the nature of their different names. If the money is still held in the Court's account, the money should be refunded to Coastal Air, LLC." (April 25, 2023 Letter.)

On July 24, 2023, Coastal Air Transport filed a notice whereby Coastal Air Transport advised that its counsel was served with the May 3, 2023 praecipe and May 3, 2023 writ of execution. In the notice, Coastal Air Transport further advised:

> Coastal Air, LLC nor Coastal Air Transport, Inc. are not, and have never been, the owners of the above-described aircrafts. The aircrafts are owned by a company out of Nevis. The undersigned does not represent the owners of the above-described aircrafts. Therefore, the Writ of Execution and Praecipe dated May 3, 2023 cannot be attached the aircrafts mentioned above.

> (July 24, 2023 Notice.)

[7] The August 3, 2023 order ordered Coastal Air Transport to file a response within 20 days from the date of entry of the order and Coastal Air, LLC to file a response within 20 days from the date of service of the order.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**　　　　　　　　　　2023 VI SUPER 68
Page 5 of 14

declaring Coastal Air, LLC as the successor in interest to Coastal Air Transport, Inc.[8] (Aug. 3, 2023 Order.)

¶ 9　　On August 25, 2023, Coastal Air Transport filed its response to the Royers' Successor in Interest Motion.[9]

¶ 10　　On August 25, 2023, the Royers filed a notice attaching some of the documents previously attached to the Royers' Successor in Interest Motion.

¶ 11　　On September 9, 2023, the Royers filed their reply to Coastal Air Transport's August 25, 2023 response.

¶ 12　　Meanwhile, Coastal Air Transport filed multiple motions for extensions for Coastal Air, LLC to file its response to the Royers' Successor in Interest Motion, which the Court subsequently granted and extended the deadline to September 22, 2023 for Coastal Air, LLC.

¶ 13　　On September 22, 2023, Coastal Air Transport filed a document titled "Defendant Coastal Air, LLC response to Plaintiff's motion to declare Coastal Air, LLC successor in interest to Coastal Air Transport."[10]

---

[8] The August 3, 2023 order also ordered the Royers to serve a copy of the Royers' Successor in Interest Motion to Coastal Air Transport, Inc. and a copy of the order upon the registered agent for service of Coastal Air, LLC and to file the proof of service thereto. On August 16, 2023, the Royers filed a notice of proof of service showing that Coastal Air, LLC was served on August 15, 2023.

[9] On August 23, 2023, Coastal Air Transport filed a motion for an extension of time to file its response to the August 3, 2023 order. The Court will grant this motion *nunc pro tunc* and deem Coastal Air Transport's August 25, 2023 response timely filed.

[10] To clarify, at this juncture, Coastal Air, LLC has not been named as a defendant in Civil Case No. SX-2004-CV-515. As noted above, the Court construed the Royers' June 29, 2023 response as a motion to declare Coastal Air, LLC as the successor in interest to Coastal Air Transport, Inc., and the parties' filing were filed in response thereto so the Court can determine whether Coastal Air, LLC is the successor in interest to Coastal Air Transport, Inc. It was likely a clerical error that Coastal Air Transport identified Coastal Air, LLC as a defendant in the title of the document.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 6 of 14

2023 VI SUPER 68

## DISCUSSION

¶ 14    Coastal Air Transport made the following assertions in its August 25, 2023 response: (i) "Plaintiffs brought this action against Coastal Air Transport. Coastal Air Transport was a corporation at the time of the incident and complaint in this case." (Aug. 25, 2023 Response 1); (ii) "The principal of Coastal Air Transport, Inc., however, found it beneficial to transfer the entity from a corporation to an LLC in 2019. This was not for purposes of defrauding its creditors as alleged by Plaintiffs." (Id., at 1-2); (iii) "Coastal Air Transport, Inc., was a small company owning a lease with the V.I. Port Authority, and a bank account in which it held business funds. After changing over to an LLC, Coastal Air, LLC was required to sign a new lease with the V.I. Port Authority to reflect the new name of the entity." (Id., at 2); (iv) "[T]he bank account was not transferred over to the LLC because the entity required a new Employer Identification Number (EIN), which the LLC had neglected to obtain." (Id.); (v) "Defendant will admit the LLC was a continuation of the older corporation in its operation. However, the older corporation was never sued in its corporate name or status. The Defendant [sic] named Coastal Air Transport in the case." (Id.); (vi) "The LLC did not assume the liabilities of the prior corporation nor was the transaction fraudulent or intended to escape liability. The only asset that was transferred thus far from the corporation to the LLC was the leasehold with V.I. Port Authority although the LLC was established in 2019. There has been no transfer of assets to defraud creditors." (Id., at 2-3); (vii) "[T]he money generated in the entity's bank account that was seized and is now held in the Court's registry was not generated by the corporation, but by the LLC... and does not relate back to the operation of the original defendant." (Id., at 3); (viii) "The company has been shut down for sometime now because of its inability to meet its expense." (Id.); and (ix) "There has been no

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 7 of 14

2023 VI SUPER ᛉ

merger of Coastal Air Transport, Inc. and Coastal Air, LLC as required by 13 V.I.C. §1904 (2019)."

(Id., at 3.)

¶ 15     The Royers made the following assertions in their reply to Coastal Air Transport's August 25, 2023 response: (i) "There is not a single affirmation or document that supports the opposition." (Reply 1); (ii) "The deposition testimony of Michael Foster, the sole owner of both entities, clearly acknowledges that Coastal Air Transport owned more than a lease and a bank account. It also owns two planes and a bank account off-island." (Id.); (iii) "Defendant has now admitted that Coastal Air, LLC, never even got an Employer Identification Number (EIN) but continued to use the prior bank account of Coastal Air Transport to pay its employees and deposit its funds in that account." (Id.); (iv) "There is not a shred of evidence that Coastal Air, LLC, purchased any assets from Coastal Air Transport." (Id., at 2); (v) "Plaintiff has provided the document from Michael Foster to VIPA that clearly states he is simply transferring the assets from one old company to a new company he created." (Id.); (vi) "[T]here is no evidence where the funds in the bank account came from, and Michael Foster has chosen not to present an affidavit to that effect." (Id.); (vii) "Plaintiff is not claiming a merger, but that Coastal Air is the successor in interest, which it is." (Id.); (viii) "Defendant claims that the funds in the bank account were to pay for repairs to the two leased aircraft, pay insurance premiums for those aircraft, and have the aircraft recertified. Those are the two aircraft that were established at trial as belonging to Coastal Air Transport." (Id.); and (ix) "[T]here is an admission, those aircraft have been transferred as part of the asset transfer to Coastal Air, LLC." (Id.)

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**                                    2023 VI SUPER ~~~
Page 8 of 14

¶ 16    Coastal Air Transport[11] made the same assertions in Coastal Air, LLC's September 22, 2023 response to the Royers' Successor in Interest Motion.[12]

### 1.  Defendant in Civil Case No. SX-2004-CV-515[13]

¶ 17    In their complaint, the Royers named "Coastal Air Transport" as the defendant in Civil Case No. SX-2004-CV-515. However, in recent filings, the Royers often addressed the defendant as "Coastal Air Transport, Inc." The Court finds it important to first address the issue as to the defendant in Civil Case No. SX-2004-CV-515—before the Court addresses the successor in interest issue—since it was indirectly raised by Coastal Air Transport when it pointed out in its August 25, 2023 response that "the older corporation was never sued in its corporate name or status."

¶ 18    A review of the complaint in Civil Case No. SX-2004-CV-515 revealed that, while the caption of the complaint does not include the corporation status of "Coastal Air Transport"—to

---

[11] While the document purported to be Coastal Air, LLC's response since it was titled "Defendant Coastal Air, LLC response to Plaintiff's motion to declare Coastal Air, LLC successor in interest to Coastal Air Transport," the assertions therein were made by Coastal Air Transport's counsel on behalf of Coastal Air Transport—to wit, the document began with "[c]omes now the defendant, Coastal Air Transport, by and through its undersigned counsel, and respectfully responds to Plaintiff's motion to declare Coastal Air, LLC Success in Interest to Coastal Air Transport..." (Response 1) and the document was signed by Coastal Air Transport's counsel.

[12] A redline comparison of the two documents—Coastal Air Transport's August 25, 2023 response and Coastal Air, LLC's September 22, 2023 response—revealed that the substance of the responses are nearly identical with the following minor difference reflected in bold:

> The second paragraph of Coastal Air Transport's August 25, 2023 response began with "Plaintiffs brought this action against Coastal Air Transport."

> The second paragraph of Coastal Air, LLC's September 22, 2023 response began with "Plaintiffs brought this action against Coastal Air Transport, **not Coastal Air, LLC.**"

[13] While it is the same defendant in Civil Case No. SX-2005-CV-415, the plaintiffs therein have not filed anything in their case that raises this issue. Thus, this Memorandum Opinion and Order will only address the defendant in Civil Case No. SX-2004-CV-515.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 9 of 14

2023 VI SUPER 68

wit, it included "Coastal Air Transport" as a defendant and did not include "Inc." after the name, the body of the complaint does. Specifically, paragraphs 2 and 3 of the complaint stated:

> 2. Defendant Coastal Air Transport, at all times relevant hereto was a corporation incorporated under the laws of the United States Virgin Islands and maintained its principal place of business in the United States Virgin Islands.
>
> 3. Defendant Coastal Air Transport is a corporation that provides air transportation to passengers for fees.

(Compl.)

Additionally, Coastal Air Transport's answer admitted to the allegations in paragraphs 2 and 3 of the complaint, and Coastal Air Transport appeared and defended in this matter. Thus, the Court concludes that "Coastal Air Transport, Inc." was properly named as a defendant in Civil Case No. SX-2004-CV-515, and thereby, "Coastal Air Transport" and "Coastal Air Transport, Inc." both refer to the defendant in Civil Case No. SX-2004-CV-515. In light of the Court's finding and for the sake of completeness and uniformity going forward, the Court will refer to the defendant in Civil Case No. SX-2004-CV-515 as "Coastal Air Transport, Inc."

### 2. Successor in Interest

¶ 19   The main issue raised in the Royers' Successor in Interest Motion was whether Coastal Air, LLC is the successor in interest to Coastal Air Transport, Inc. The evidence shows that: (i) after the judgment against Coastal Air Transport, Inc. was entered in Civil Case No. SX-2004-CV-515 in 2015, and subsequently amended in 2016, Coastal Air, LLC was formed on November 19, 2019 with Michael Foster as the initial manager;[14] (ii) in July 2021, Coastal Air Transport, Inc.'s

---

[14] *See* Certificate of Formation for Coastal Air, LLC, dated November 22, 2019; Certificate of Good Standing for Coastal Air, LLC, dated August 17, 2021; Articles of Organization of Coastal Air, LLC, signed by organizer Michael Foster and organizer Juliette Thomas on May 29, 2019.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 10 of 14

2023 VI SUPER 68

assets were transferred to Coastal Air, LLC per the authorization of Coastal Air Transport, Inc.'s sole member Michael Foster, who had "authority to make any and all decisions for the Company [Coastal Air Transport, Inc.]";[15] (iii) Coastal Air, LLC has the same mailing address as Coastal Air Transport, Inc. for several years after Coastal Air, LLC's formation;[16] (iv) Coastal Air, LLC continues to operate the same business as Coastal Air Transport, Inc. (provides air transportation for a fee) with the Virgin Islands Port Authority (hereinafter "VIPA"); (vi) Coastal Air Transport, Inc. represented to the VIPA that Coastal Air Transport, Inc. changed "its corporate structure to that of Coastal Air, LLC" and never represented to the VIPA that Coastal Air, LLC is a new entity separate from Coastal Air Transport, Inc.;[17] (vii) the VIPA approved Coastal Air Transport, Inc.'s request to change the operating business name from Coastal Air Transport, Inc. to Coastal Air, LLC and the VIPA signed a new lease with Coastal Air, LLC but Coastal Air, LLC continued to receive account balances under the same account number previously assigned to Coastal Air Transport, Inc. and under the same account name "Coastal Air Transp"[18]; (viii) Coastal Air, LLC never obtained its own Employer Identification Number;[19] and (ix) Coastal Air Transport, Inc.'s admission that "[Coastal Air,] LLC was a continuation of the older corporation [Coastal Air

---

[15] *See* Unanimous written consent resolution of sole member of Coastal Air Transport, Inc. in lieu of meeting, dated July 23, 2021.

[16] *See* Certificate of Insurance for Coastal Air Transport from Endurance Assurance Corporation, issued on February 7, 2020; checks from Coastal Air Transport to VIPA, dated February 7, 2020, February 11, 2020, August 24, 2021; Certificate of liability insurance for Coastal Air, LLC from Southeast Insurance Group, dated on June 27, 2021; Certificate of liability insurance for Coastal Air, LLC from Southeast Insurance Group, dated on June 27, 2022; Certificate of Formation for Coastal Air, LLC, dated November 22, 2019.

[17] *See* Michael Foster's letter to VIPA, dated July 23, 2021.

[18] *See* VIPA's letter to Coastal Air, LLC owner Michael Foster, dated October 13, 2021; Coastal Air Transport, Inc.'s August 25, 2023 response and September 22, 2023 response; various VIPA account balances to account number "C2159" and account name "Coastal Air Transp" from February 2020 through November 2022.

[19] *See* Coastal Air Transport, Inc.'s August 25, 2023 response and September 22, 2023 response.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 11 of 14

2023 VI SUPER 68

Transport, Inc.] in its operation."[20] Based on such evidence—especially Coastal Air Transport, Inc.'s admission in the August 25, 2023 response and the September 22, 2023 response that "[Coastal Air,] LLC was a continuation of the older corporation [Coastal Air Transport, Inc.] in its operation"—the Court finds that Coastal Air, LLC is simply a continuation of Coastal Air Transport, Inc. as its successor in interest in Civil Case No. SX-2004-CV-515. *See Successor in interest*, MERRIAM-WEBSTER.COM, *available at* https://www.merriam-webster.com/legal/successor%20in%20interest (last visited Oct. 20, 2023) ("a successor to another's interest in property; *especially*: a successor in ownership of a business that is carried on and controlled substantially as it was before the transfer."). To hold otherwise would allow a business to escape liability by a simple restructuring and shifting of assets when and where it is shown that the new business, in reality, is simply a continuation of the old business as its successor in interest. Given the Court's finding, the Court concludes that Coastal Air Transport, Inc.'s remaining argument—to wit, that there were no assumption of liabilities, no fraudulent transfer, and no merger—irrelevant here since the Coastal Air, LLC is really one and the same as the original defendant Coastal Air Transport, Inc. given that, as noted above, Coastal Air, LLC is simply a continuation of Coastal Air Transport, Inc. as its successor in interest in Civil Case No. SX-2004-CV-515.

### 3. Modification of Judgment

¶ 20    Despite the Court's finding above, in order for the Royers to properly enforce the judgment in Civil Case No. SX-2004-CV-515 against Coastal Air, LLC, the judgment would need to be

---

[20] *See* Coastal Air Transport, Inc.'s August 25, 2023 response and September 22, 2023 response.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 12 of 14

2023 VI SUPER 68

modified to add Coastal Air, LLC. The issue now becomes whether the Court has jurisdiction to modify the judgment.

¶ 21    In this instance, the Court finds that it has jurisdiction to modify a judgment to add an additional judgment debtor who is simply a continuation of the original judgment debtor as its successor in interest pursuant to Title Four, section 324 of the Virgin Islands Code. Title Four, section 324 of the Virgin Islands Code provides that "[w]hen jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceedings is not specially pointed out by law or by rules of procedure adopted pursuant to law, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the law."[21] Title 4 V.I.C. § 324; *cf.* V.I. R. CIV. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."); V.I. R. CIV. P. 69(b) ("In aid of the judgment of execution, as provided in 5 V.I.C. §§ 501 and 502, the judgment creditor or his successor in interest -- when that interest appears of record -- may examine any person, including the judgment debtor in the following manner..."). It is axiomatic that the Court has jurisdiction to amend the judgment entered by adding an additional judgment debtor—Coastal Air, LLC—to reflect the correct and

---

[21] The modification of a judgment to add an additional judgment debtor who is simply a continuation of the original judgment debtor as its successor in interest is a "course of the proceedings [that] is not specially pointed out by law or by rules of procedure adopted pursuant to law" because while there are rules of procedure for altering or amending a judgment—to wit, Rule 59(e) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 59(e)")—the Court finds that inapplicable to this instance because the situation presented here is not the typical situation contemplated by Rule 59(e). Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." V.I. R. CIV. P. 59(e). However, this time limitation would have been impossible for the Royers to adhere to since there was no need to modify the amended judgment within 28 days after the amendment of the judgment—to wit, Coastal Air, LLC was not formed until 2019 while the judgment was entered in 2015 and subsequently amended in 2016 in Civil Case No. SX-2005-CV-415.

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**                                                    2023 VI SUPER 68
Page 13 of 14

true name of the defendant judgment debtor in Civil Case No. SX-2004-CV-515—Coastal Air Transport, Inc.—since, as noted above, Coastal Air, LLC is really one and the same as the original defendant Coastal Air Transport, Inc. given that Coastal Air, LLC is simply a continuation of Coastal Air Transport, Inc. as its successor in interest in Civil Case No. SX-2004-CV-515. To be clear, the Court is not amending the judgment to add a new defendant; instead, the Court is merely inserting the correct and true name of the real defendant. Consequently, such an amendment of inserting the correct and true name of the real defendant in the judgment does not present due process concerns since Coastal Air, LLC is simply a continuation of the original defendant Coastal Air Transport, Inc. in Civil Case No. SX-2004-CV-515 and, as such, was represented in the litigation by the original defendant's participation. To decide otherwise would be contrary to the spirit of the law.

## CONCLUSION

¶ 22   Based on the foregoing, the Court will grant nunc pro tunc Coastal Air Transport's August 23, 2023 motion for an extension of time to file its response to the Royers' Successor in Interest Motion, grant the Royers' Successor in Interest Motion, declare that Coastal Air, LLC is a continuation of Coastal Air Transport, Inc. as Coastal Air Transport, Inc.'s successor in interest in Civil Case No. SX-2004-CV-515, and order the Clerk of the Court to amend the caption in Civil Case No. SX-2004-CV-515 in accordance with this Memorandum Opinion and Order; an amended judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith. Accordingly, it is hereby:

**ORDERED** that Coastal Air Transport's August 23, 2023 motion for an extension of time to file its response to the Royers' Successor in Interest Motion is **GRANTED NUNC PRO TUNC**

*Royer, et al. v. Coastal Air Transport*
SX-2004-CV-515
*Hamilton, et al. v. Coastal Air Transport*
SX-2005-CV-415
**Memorandum Opinion and Order**
Page 14 of 14

2023 VI SUPER 68

and Coastal Air Transport's August 25, 2023 response is deemed **TIMELY FILED**. And it is further:

**ORDERED** that the Royers' Successor in Interest Motion in Civil Case No. SX-2004-CV-515 is **GRANTED** and it is hereby **DECLARED** that Coastal Air, LLC is a continuation of Coastal Air Transport, Inc. as Coastal Air Transport, Inc.'s successor in interest in Civil Case No. SX-2004-CV-515. And it is further:

**ORDERED** that the Clerk of the Court shall **AMEND THE CAPTION** in Civil Case No. SX-2004-CV-515 in accordance with this Memorandum Opinion and Order—to wit, "Coastal Air, LLC as successor in interest to Coastal Air Transport, Inc." for the defendant in Civil Case No. SX-2004-CV-515. The parties shall use the amended caption in future filings.

**DONE and so ORDERED this** 13ʳᵈ **day of** Nov. **2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: 11/13/2023

HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**